## RHODES vs. DICKINSON.

Under the facts of this case, the grant of a nonsuit was error.

November 10, 1887.

Contracts. Title. Nonsuit. Before Judge Eve. City Court of Richmond County. March Term, 1887.

Reported in the decision.

WILLIAM H. FLEMING, for plaintiff in error.

HARPER & BROTHER, for defendant.

BLANDFORD, Justice.

The facts in this case are succinctly stated in the brief of counsel for the plaintiff in error, as follows:

On February 23, 1885, plaintiff sold defendant one sorrel mule and one brown mare mule in good condition. The title was to remain in plaintiff till price was paid. The defendant was to be responsible for the loss or destruction of the property. The note was not paid at matu-

rity, which was November 1, 1885. On April 1, 1886, balance due on note was about $105 principal, with interest. Frequent demands were made on defendant for the money or the mules. It was made known to the defendant that the mules were not to be taken in settlement of the debt, but were to be sold, and the balance of the money, after paying the debt, was to be returned to him. Defendant asked for more time, which was allowed him.

In January, 1886, plaintiff, at defendant's request, consented for defendant to sell one of the mules to a party, represented by defendant as reliable, for a specific price and on specific time, and with other specific conditions, as that title was to remain in plaintiff, note to be signed by buyer and endorsed by defendant, and defendant's liability on first note to continue, and the new note to be re-returned to plaintiff's attorney. The new note was drawn up and sent to defendant, but was never returned to plaintiff or her attorney.

On December 21, 1886, plaintiff sent her agent to take possession of the mules. Defendant delivered to him the sorrel mule, and a small mouse-colored horse in the place of the other mule, both animals being in wretched condition and almost starved. The horse was well cared for, but died in a few days. The mule was valued at $35, and to save expense at the stable, plaintiff took the mule at that price. As soon as plaintiff saw the horse, she notified the defendant she would not accept it. Defendant replied he could get the mule, and would do so. When plaintiff's agent went to get the mules, defendant said he had traded off the other mule for the horse.

On January 25, 1887, plaintiff began her action of trover in the city court of Richmond county for the recovery of the brown mare mule, and sued out bail process, but agreed for the time not to require arrest or bond, and the case was tried on the declaration in trover. Plaintiff elected to take a verdict for the mule, to be discharged by

the payment of whatever sum might be found to be due on the note.

The court granted a nonsuit, and the plaintiff excepted.

We think that the plaintiff made out a *prima facie* case; that he was entitled to recover, on the facts; and that the court did wrong to grant a nonsuit. Mrs. Rhodes had a right to make the bargain she made. with the defendant, Dickinson. The title was to remain in her until the purchase money was all paid; and furthermore, under that contract, Dickinson was to be responsible for any loss that happened to this property. If the mules had died, he would have had to pay for them just as he would if they lived. They were both bound by the contract.

She demanded the mules of Dickinson. Dickinson sold one of the mules. That was a conversion of the property which gave the plaintiff the right of action in trover, even without the demand, if the conversion was made without her consent. It appears that he did convert the mule without her knowledge or consent, and that when she took back the horse, (which died soon after, and was of no value,) she took it under a contract with Dickinson that she only received it to have it sold, and to have the balance of the money, after paying her debt, returned to him.

We think the court erred in granting a nonsuit, and the judgment is reversed.